AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT

Northern District of Illinois, Eastern Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| Yousef Abu Awwad | Case Number:     12 CR 225-1 |
| | USM Number:     44726-424 |
| | Robert D. Seeder |
| | Defendant's Attorney |

## THE DEFENDANT:

x   pleaded guilty to count(s)      1s, 2s, 3s

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 31 U.S.C. § 5332(a)(1) | Bulk Cash Smuggling Into or Out of the United States | 9/14/2012 | 1s |
| 31 U.S.C. § 5316(a)(1)(A) and 31 U.S.C. § 5332(a) | Reports on Exporting and Importing Monetary Instruments | 9/14/2012 | 2s |
| 18 U.S.C. § 1001(a)(2) | Making A Material False, Fictitious, or Fraudulent Statement | 9/14/2012 | 3s |

      The defendant is sentenced as provided in pages 2 through      6      of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

x   Count(s)     1, 2, and 3                    ☐ is    x  are  dismissed on the motion of the United States.

      It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 14, 2012
Date of Imposition of Judgment

Signature of Judge

Rebecca R. Pallmeyer, U. S. District Judge
Name and Title of Judge

December 19, 2012
Date

U.S. DISTRICT COURT
CLERK
2012 DEC 20 PM 1:46

AO 245B    (Rev. 09/11) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page   2   of   6  

DEFENDANT:          Yousef Abu Awwad
CASE NUMBER:        12 CR 225-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

8 Months on Count, 1s, 8 Months on Count. 2s, 8 Months on Count 3s; to run concurrently.

☐   The court makes the following recommendations to the Bureau of Prisons:

x   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

     ☐   at   _____ ☐ a.m.   ☐ p.m.   on   _____ .

     ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐   before 2 p.m. on   _____ .

     ☐   as notified by the United States Marshal.

     ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on   _____ to   _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
        Sheet 3 — Supervised Release

Judgment—Page   3   of    6  

DEFENDANT:      Yousef Abu Awwad
CASE NUMBER:   12 CR 225-1

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

3 Years on Count 1s, 3 Years on Count 2s, 3 Years on Count 3s; to run concurrently.

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

Judgment—Page ___4___ of ___6___

DEFENDANT:        Yousef Abu Awwad
CASE NUMBER:      12 CR 225-1

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and random drug tests thereafter, conducted by the U.S. Probation Office, not to exceed 104 tests per year.

If the defendant is unemployed after the first 60 days of supervised release, or if unemployed for 60 days after termination or lay-off from employment, he shall perform at least 20 hours of community service work per week at the direction of, and in the discretion of, the U.S. Probation Office until gainfully employed.

The defendant shall participate in a substance abuse treatment program at the direction of the probation officer.

The defendant shall participate in drug aftercare program at the direction of probation officer (only if testing positive on supervised release).

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page __5__ of __6__

DEFENDANT: Yousef Abu Awwad
CASE NUMBER: 12 CR 225-1

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 300 | $ Waived | $ N/A |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

**TOTALS** $ _____ $ _____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
          Sheet 6 — Schedule of Payments

Judgment — Page   6   of   6

DEFENDANT:     Yousef Abu Awwad
CASE NUMBER:    12 CR 225-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**   X   Lump sum payment of $   300.00   due immediately, balance due

      ☐   not later than  _____ , or
      ☐   in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

**B**   ☐   Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C**   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
      _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
      _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
      term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
      imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

      Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

X   The defendant shall forfeit the defendant's interest in the following property to the United States:
      See attached order.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 12 CR 225 |
| | ) | Judge Rebecca R. Pallmeyer |
| YOUSEF ABU AWWAD | ) | |

## PRELIMINARY ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States for entry of a preliminary

order of forfeiture as to specific property pursuant to the provisions of Title 31, United States Code,

Sections 5317 and 5332 and Fed. R. Crim. P. 32.2, and the Court being fully informed finds as

follows:

(a)     On October 23, 2012, defendant, YOUSEF ABU AWWAD, was charged in a three-

count superseding information with failure to report the transportation of currency or monetary

instruments in excess of $10,000, in violation of Title 31, United States Code, Section 5332(a)(1)

(Count One), bulk cash smuggling, in violation of Title 31, United States Code, Sections

5316(a)(1)(A) and 5322(a) (Count Two), and making false statements to a federal agent, in violation

of Title 18, United States Code, Section 1001(a).

(b)     Pursuant to the provisions of 31 U.S.C. §§ 5317(c)(1) and 5332(b)(2), the

superseding information sought forfeiture to the United States of specific property, namely, funds

in the amount of approximately $76,000 as property involved in or traceable to the violations alleged

in Counts One and Two of the superseding information.

(c)     On October 26, 2012, pursuant to Fed R. Crim. P. 11, defendant YOUSEF ABU

AWWAD entered a voluntary plea of guilty to all counts of the superseding information, thereby

making the property named in the superseding information subject to forfeiture pursuant to 31

U.S.C. §§ 5317(c)(1) and 5332(b)(2), which states in part:

> Property subject to criminal forfeiture.–The court in imposing sentence for any violation of section 5313,5316, or 5324 of this title, or any conspiracy to commit such violation, shall order the defendant to forfeit all property, real or personal, involved in the offense and any property traceable thereto;

(d)    As a result of his violations of 31 U.S.C. §§ 5332(a)(1), 5316(a)(1)(A) and 5322(a), to which defendant YOUSEF ABU AWWAD plead guilty, the aforementioned funds are subject to forfeiture to the United States pursuant to the provisions of 31 U.S.C. §§ 5317(c)(1) and 5332(b)(2), as property that was involved in, and property traceable to the defendant's violations.

(e)    Pursuant to Fed. R. Crim. P. 32.2(b)(2)(B) as amended on December 1, 2009, unless doing so is impractical, the court must enter the preliminary order of forfeiture sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant at sentencing.

(f)    In accordance with this provision, the United States requests that this Court enter a preliminary order of forfeiture, pursuant to the provisions of 18 U.S.C. § 2253 and Fed. R. Crim. P. 32.2, forfeiting all right, title, and interest defendant YOUSEF ABU AWWAD has in the foregoing funds, for disposition according to law.

(g)    The United States requests that the terms and conditions of this preliminary order of forfeiture entered by this Court be made part of the sentence imposed against defendant YOUSEF ABU AWWAD and included in any judgment and commitment order entered in this case against him.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1.    That, pursuant to the provisions of 31 U.S.C. §§ 5317(c)(1) and 5332(b)(2) and Fed. R. Crim. P. 32.2, all right, title and interest defendant YOUSEF ABU AWWAD has in approximately $76,000 is hereby forfeited to the United States of America for disposition according

to law.

2.      That, pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 31 §§ 5317(c)(1)(B) and 5332(b)(3), following entry of this order, the Department of Homeland Security shall seize and take custody of the foregoing property for disposition according to law.

3.      That, pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 31 §§ 5317(c)(1)(B) and 5332(b)(3), the United States shall publish notice of this order and of its intent to dispose of the property according to law.

4.      That, pursuant to the provisions of 21 U.S.C. § 853(n)(2), as incorporated by 31 U.S.C. §§ 5317(c)(1)(B) and 5332(b)(3), if any person other than the defendant asserts a legal claim in the property which has been ordered forfeited to the United States within thirty days of the final publication of notice or this receipt of notice under paragraph three (3), whichever is earlier, and petitions this Court for a hearing to adjudicate the validity of this alleged interest in the property, the government shall request a hearing.  The hearing shall be held before the Court alone, without a jury.

5.      Following the Court's disposition of all third party interests, the Court shall, if appropriate, enter a final order of forfeiture as to the property which is the subject of this preliminary order of forfeiture, vesting clear title in the United States of America.

6.      The terms and conditions of this preliminary order of forfeiture are part of the sentence imposed on the defendant YOUSEF ABU AWWAD and shall be made part of any judgment and commitment order entered in this case against him.

7.    This Court shall retain jurisdiction over this matter to take any additional action and enter further orders as necessary to implement and enforce this forfeiture order.

REBECCA R. PALLMEYER
United States District Judge

DATED: November 7, 2012